## UNGER et al. v. ARNOLD'S IRON & STEEL MILLS.

No. 21555. Dec. 19, 1933.

Twyford & Smith, for plaintiffs in error.

J. Hugh Turner and Phil E. Daugherty, for defendant in error.

ANDREWS, J. The defendant in error brought an action against the plaintiffs in error in the district court of Oklahoma county to recover a money judgment for an amount due as rental of real estate which the plaintiffs in error had leased by written contract from the defendant in error. From a judgment in its favor, they appeal to this court.

Herein the only contention made is that:

"The plaintiff could not recover because the proof conclusively showed that the plaintiff did not make the premises ready for occupancy, as provided in the contract."

We quote from their brief in support of that contention as follows:

"The lease contract sued upon contained the following special provision with reference to making the premises ready for occupancy (C.-M. p. 10:

"'* * * Said premises shall be made ready for occupancy by March 15, 1929, and it is specifically understood and agreed that unless said premises are made ready for occupancy for said second party by said date that then, and in that event, the down payment of $250 shall be returned forthwith to said party of the second part and obligation shall be thereby terminated.'

"The evidence above set forth in the abstract shows, without dispute, that the premises, at the time the lease was made, were occupied by several thousand tons of machinery, boilers and equipment which were affixed to concrete foundations. All of this machinery, boilers and equipment remained on the premises, in place long after the 15th day of March, 1929, and were still on the premises at the time of the trial. In other words, the premises were never made ready for occupancy, and were never in a condition to be occupied by the defendants. The plaintiff continued to completely occupy the premises at all times, itself, thereby absolutely excluding the defendants therefrom."

The defendant in error contends that there was ample evidence to sustain the verdict of the jury and the judgment of the court. There were no objections to the instructions as given. Under the well-established rule, if there was any competent evidence reasonably tending to sustain that judgment, it will not be disturbed by this court.

The record shows that the president of the defendant in error corporation testified that the failure of the defendant in error to cause the premises to be made ready for occupancy by March 15, 1929, was due to the fact that:

"On the 7th of March Mr. Unger came into the plant and told me that they weren't going to take the lease; that they were bargaining for another plant at 9th and Missouri avenue, and the difference—they wanted $200, and Unger offered $150 and he was then going over to close the lease. After that Mr. Unger never came about at all. He told me himself he wasn't going to take the lease and he was bargaining for this other lease and had offered $150 a month."

Whether or not that statement was true was a question for the jury. If that statement was true, that fact constituted a defense to the plea of the plaintiffs in error. The rule is stated in Black on Rescission and Cancellation (2nd Ed.) p. 573, vol. 2, as follows:

"* * *A declared intention to repudiate a contract, or to refuse to perform it, excuses the other party from the necessity of tendering performance, though this is not technically a rescission nor the acceptance of a rescission, since it leaves the contract in existence so far as to sustain an action for damages for its breach. 'Where

one party to a contract renounces it and refuses to perform, the other party may treat the contract as broken and abandon it without demand or tender of performance, and recover as damages the profits he would have received through full performance'."

No question is raised as to the correctness of the measure used to determine the amount of liability.

Under the issues as presented to the trial court and the state of the record, this court is not warranted in disturbing the verdict of the jury and the judgment of the trial court based thereon. See Ohio Fuel Co. v. McKain, 103 Okla. 121, 229 P. 414.

However, we call attention to the fact that the verdict of the jury shown in the case-made was for $525, the amount sued for was $625, the verdict as copied in the journal entry of judgment was for $550, and the judgment was for $550. No complaint with reference thereto is made in the brief of the plaintiffs in error.

Finding no reversible error, the judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.